UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRODERICK WATERS, ET AL. | CIVIL ACTION |
| VERSUS | NO: 18-12419 |
| LOWE'S HOME CENTERS, LLC | SECTION: "J" (4) |

## **ORDER**

Before the Court is a *Motion to Remand* **(Rec. Doc. 7)** filed by Plaintiffs, Broderick and Jocelyn Waters, in which they argue that removal of this case under diversity jurisdiction was untimely because discovery responses submitted more than 30 days in advance of the Notice of Removal **(Rec. Doc. 1)** constituted "other paper" from which Defendant, Lowe's Home Centers, LLC, should have ascertained the amount controversy exceeds $75,000. Defendant fled an opposition **(Rec. Doc. 9)**, countering that the discovery responses do not conclusively support that the amount in controversy exceeds $75,000 and that the amount at issue did not become "unequivocally clear and certain" until Plaintiff made a settlement demand of $166,508.29. Plaintiffs filed a reply **(Rec. Doc. 14)**, in which they change tacks, now arguing this case was improperly removed because the Defendant does not genuinely believe the amount at issue exceeds $75,000 and because the settlement demand was mere hyperbole and not a true reflection of the value of its case. Plaintiffs suggest heads or tails they win: either the case was untimely removed because the discovery

1

indicated the case was worth over $75,000 or the amount at issue does not exceed the minimum bar, so this Court lacks jurisdiction.

The Court need not dwell on the Plaintiffs' latest argument. Simply because the defendant is skeptical that the value of a plaintiff's claim exceeds the jurisdictional minimum does not mean the Court is deprived of jurisdiction. Federal courts give significant weight to the value plaintiffs attach to their claims. *C.f. St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith."). Even if the Plaintiffs' settlement demand for twice the value of the jurisdictional minimum was mere hyperbole, Plaintiffs even now admit they "have a subjective belief that the case is worth more than $75,000."[1] As it is obvious from the Plaintiffs' own statements that they will seek damages in excess of the jurisdictional minimum, the Court will not dismiss on this ground.[2]

That leaves the Plaintiffs' claim that "other paper" in the form of discovery responses triggered the 30-day removal period and Defendant failed to act within the window. Broderick Waters, a commercial truck driver, asserts in the petition that he was injured on the job when he dropped a flower and plant cart he was lifting over a curb. The cart pinned him to the concrete, thereby fracturing his leg and injuring his

---

[1] (Rec. Doc. 14- at 4).
[2] On the basis of the facts set forth in this case and the Plaintiffs' own estimations as to the value of their claims, the Court finds by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. 28 U.S.C. § 1446(c)(2)(B).

back.³ Per Louisiana law, Plaintiffs did not quantify their damages in their state court petition.

Because the initial pleading does not indicate the case was removable, Defendant was permitted to file its Notice within 30 days of receiving "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "Ascertained" is the critical word, as it signals the triggering document is one that provides *certainty* as to the amount in controversy. "[T]he information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1446(b)." *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (per curiam). This threshold requires even more clarity than the measure applied to initial pleadings, which asks whether the petition "affirmatively reveals on its face" that the plaintiff seeks damages in excess of the jurisdictional minimum. *Id.* at 211. In adopting this higher standard, the Fifth Circuit noted it should promote judicial economy and reduce "protective" removals by defendants who fear losing their removal right on the basis of equivocal facts being introduced into the record which might trigger the removal period. *Id.*

Here, Plaintiffs point out that as early as October 16, 2018, Defendant was aware that Plaintiffs' claim for special damages amounted to at least $32,041.56.⁴

---

³ (Rec. Doc. 7-2 at 2).
⁴ Waters's employer claimed a lien for of $3,541.56 for medical expenses expended under the Louisiana Workers Compensation Act in a response to an interrogatory on October 16, 2016. (Rec. Doc. 7-4 at 8).

3

Plaintiffs allege that Waters' general damages claims for his fractured leg[5] and back injuries[6] resulting from the accident "clearly establishes a claim for general damages exceeding $42,958.44,"[7] the amount necessary to push the case beyond the minimum threshold when accounting for special damages. Plaintiff cites to handful of cases in which plaintiffs were awarded damages in excess of $50,000 for fibula fractures as evidence that Defendant should have known that the jurisdictional threshold was met in this case. *See, e.g.*, *McClain v. Southern Scrap Material Co.*, No. 2005-5079, 2009 WL 6057426 (La. Civil D. Ct., Orleans Par., Dec. 15, 2019) (Verdict and Settlement Summary). However, to ask the Defendant to comb through jury awards to estimate the value of a specific injury is to violate the Fifth Circuit's admonition that defendants are under no due diligence requirement with respect to removing diversity cases. *Id.* at 210.

Moreover, the rules governing removal exist to provide certainty to parties and to ensure that removal is achieved efficiently and economically. They are not intended to function as an unseen trap, suddenly springing shut to cut off a defendants' removal rights as soon as the cumulative evidence in the record tips the conceivable value of the plaintiff's claims a few dollars in excess of the jurisdictional threshold. If Plaintiffs wished to keep this case in state court, they were free to stipulate that

---

Waters estimated in his own responses that he suffered $13,500 in lost future wages and $15,000 in lost wages for missing 20 weeks of work. (Rec. Doc. 7-3).

[5] Waters suffered a right ankle sprain and non-displaced or minimally displaced, closed fracture of his right fibula. (Rec. Doc. 9-3). Waters ceased treatment in January 2018 without ever undergoing surgery. (Rec. Doc. 9-2).

[6] The back injury was an aggravation to a preexisting degenerative disc condition, specifically, a bulge at L4-L5. (Rec. Doc. 7-3).

[7] (Rec. Doc. 7-1 at 5).

4

damages do not exceed the jurisdictional threshold. *See Pollet v. Sears Roebuck & Co.*, 46 Fed. Appx. 226 (5th Cir. 2002) (unpublished). If Plaintiffs wished to trigger the 30-day removal period, they need only have provided unequivocal documentation to opposing counsel indicating the amount in controversy exceeds the threshold. They did not do this until November 6, 2018, when Plaintiffs sent opposing counsel a detailed, 14-page settlement letter demanding damages in the amount of $166,508.29

Accordingly,

**IT IS HEREBY ORDERED** that the *Motion to Remand* **(Rec. Doc. 7)** is **DENIED**.

New Orleans, Louisiana, this 24th day of April, 2019.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE