# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRODERICK WATERS, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-12419** |
| **LOWE'S HOME CENTERS, LLC** | **SECTION: "J" (4)** |

## ORDER

Before the Court is a **Motion to Quash Plaintiff's Notice of 30(b)(6) Deposition (R. Doc. 24)** filed by the Defendant, Lowe's Home Centers, LLC, seeking an order from the Court quashing the Federal Rule of civil Procedure 30(b)(6) deposition of Lowe's Home Center, LLC's corporate representative located in North Carolina. The motion is opposed. R. Doc. 27. The Court held oral argument on this motion on August 28, 2019 (R. Doc. 35).

### I. Background

On December 27, 2017, Plaintiff Broderick Waters filed this instant action in the Civil District Court for the Parish of New Orleans alleging injuries from July 10, 2017 incident at the Lowe's Home Center, LLC ("Lowe's") located at 2501 Elysian Fields Avenue in New Orleans, Louisiana. R. Doc. 1-3. Plaintiff alleges, in the course and scope of his employment with PTD Transport LLC, that while loading and lifting several flower and plant carts over the curb and into the Lowe's designated storage area, the cart tilted and fell atop him causing Plaintiff to fall and be pinned between the cart and the concrete, which resulted in Waters fracturing his leg and hurting his back. *Id.* Plaintiff further alleges that this concrete curb defect constitutes a dangerous condition and a failure by Lowe's to provide a reasonably safe work environment. *Id.* On December 5, 2018, this case was removed to the United States District Court invoking the Court's diversity jurisdiction. R. Doc. 1. During his deposition, Waters acknowledged that he had previously lifted fourteen (14) to fifteen (15) flower carts before the incident. R. Doc. 24-2, p. 3.

As the instant motion, Defendant Lowe's seeks to quash Plaintiffs' noticed deposition of the Lowe's corporate representative in North Carolina as unnecessary, irrelevant, and duplicative where Plaintiff, on June 12, 2019, already deposed the local Lowe's Loss Prevention and Safety Manager, Nick Martinson. R. Doc. 24-1, p. 2. Specifically, Defendants aver that the overwhelming majority of topics submitted in Plaintiff's Notice of Corporate Deposition were addressed in the deposition of Nick Martinson, and Plaintiff's, since then, have had ample opportunity to address further inquiries. R. Doc. 24-1, p. 4-5. Defendant furthers, the remaining topics, unaddressed in Martinson's deposition are irrelevant, unnecessary, and could have easily been addressed in Martinson's deposition. R. Doc. 24-1, p. 5. Finally, Defendants avers Plaintiff has not requested written discovery or through deposing other local Lowe's employees previously identified on topics he believes critical to his case not yet gathered. R. Doc. 24-1, p. 4.

Plaintiff rebukes Defendant's position arguing three main points: the mere fact that Plaintiff has deposed a local Lowe's representative on certain topics does not preclude Plaintiff from deposing a Lowe's corporate representative on the topic, Occupational Safety and Health Administration ("OSHA") standards are relevant and not preempted notwithstanding Louisiana law importing equal of or potentially more stringent safety requirements, and as Federal Rule of Evidence Rule 407 on subsequent remedial measures is a rule of admissibility and not a rule of discovery, inquiry into such topics in deposition is not precluded *per se*. R. Doc. 27.

Plaintiff furthers, as to Defendant's arguments of the depositions unreasonably cumulative and duplicative nature, a "party should not be prevented from questioning a live corporate witness in a deposition setting just because topics proposed are similar to those contained in documents provided or interrogatory questions answered," and Plaintiffs seek to ask the Lowe's corporate representative his specific knowledge and interpretation of such policies. R. Doc. 27, p. 9.

**II.     Standard of Review**

Federal Rule of Civil Procedure ("Rule") 30(b)(6) "allows parties to obtain testimony from a corporation, provided the party describes with reasonable particularity the matters for examination." *Mike Hooks Dredging Co., Inc. v. Eckstein Marine Service, Inc.*, No. 08-3945, 2011 WL 2559821, at *1 (E.D. La. June 28, 2011) (citing Fed. R. Civ. P. 30(b)(6)). Thereafter, the named organization "must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." Fed. R. Civ. P. 30(b)(6); *id.; see also*, *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) (quoting 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2103, at 33 (2d ed.1994)) ("'Obviously it is not literally possible to take the deposition of a corporation; instead . . . the information sought must be obtained from natural persons who can speak for the corporation.'"). As the Fifth Circuit has explained:

> the deponent must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to *prepare* those persons in order that they can answer fully, completely, evasively, the questions posed ... as to the relevant subject matters. [T]he duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved. The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources.

*Brazos River Auth.*, 469 F.3d at 433 (internal quotations and citations omitted).

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the

3

important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the proposed discovery is outside of the scope permitted under Rule 26(b)(1).

Finally, Rule 26(c) governs the issuances of Protective Orders in discovery. A Court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The rule offers a variety of potential options that the Court may use to protect the moving party, including forbidding or limiting the scope of discovery into certain matters or requiring that a trade secret or other confidential commercial information not be revealed or be revealed in only a certain way. Fed. R. Civ. P. 26(c)(1)(D), (G). "The party seeking the protective order bears the burden to show 'the necessity of its issuance, which contemplates a particular and specific demonstration of fact[.]'" *Cazaubon v. MR Precious Metals, LLC*, 14-2241, 2015 WL 4937888, at *2 (E.D. La. Aug. 17, 2015) (quoting *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir.1998)). The trial court enjoys wide discretion in setting the parameters of a protective order. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."). Finally, Rule

26(c)(1) requires a certification that the moving party has conferred or attempted to confer in good faith with the other affected party to attempt to resolve the issue without the court's interference.

## II. Analysis

As an initial note, the Court cannot preclude a corporate deposition that Plaintiffs are entitled to pursuant to Federal Rule of Civil Procedure 30(b)(6). As such, any argument set forth by Defendant that a Rule 30(b)(6) deposition is unnecessary, even in a "standard trip-and-fall case," is without merit. Furthermore, while Nicholas Martinson testified in a deposition on June 12, 2019, he did so as a fact witness and not a corporate representative as designated by Defendant to make statements on behalf of Lowe's Home Center, LLC. *See* R. Docs. 24-7 & 27, p. 3. As such, the Court will not deprive Plaintiffs the opportunity to depose Lowe's duly designated representative.

Next, the Court notes that Plaintiffs' 30(b)(6) Corporation Deposition Notice seeks Defendant designate a corporate representative knowledgeable on twenty-five (25) various topics. *See* R. Doc. 24-3. The Court further notes that the scope of the notice is rather broad but ultimately seeks Defendant designates a representative who knows, or reasonably has available to them via the organization, information on Lowe's regulations and policies, compliance with the applicable Occupational Safety and Health Administration (OSHA) standards, and the area where the cart is stored.

Defendant concedes the entire case centers around a purportedly "unreasonable dangerous condition in the form of an uneven 'walking-working' surface on Defendant's premises." R. Doc. 31, p. 1. More probative, Martinson testified in his deposition that his investigation of the incident in question, which included reviewing the video footage and questioning witnesses, revealed that no video, no witnesses, and really nothing to go on. R. Doc. 24-7, p. 18-19. Specifically, he testified

that there was no camera directly over where the incident occurred. R. Doc. 24-7, p. 19. Martinson indicated that it was one of his job responsibilities to make sure that the Lowe's store on Elysian Fields Avenue was safe of hazards and defects. R. Doc. 24-7, p. 24. Martinson further testified that he was not aware of any policies and procedures that affected how the flower carts or materials are to be stored. R. Doc. 24-7, p. 33. Finally, Martinson testified to no other incidents involving someone getting hurt in the storage area. R. Doc. 24-7, p. 37.

While Defendant correctly notes that Plaintiff is not an employee of Lowe's, that fact, in it of itself is not the sole determiner of OSHA's relevance. As Plaintiff aptly notes, OSHA standards, like safety standards are instructive as to what constitutes the standard of care under Louisiana tort law. R. Doc. 27, p. 7. Louisiana courts have recognized,

> [W]hile statutory violations are not in and of themselves definitive of civil liability, they may be guidelines for the court in determining standards of negligence by which civil liability is determined. Under this reasoning, OSHA standards are certainly relevant to the safety of a work place, even if the injured party is not an employee. In fact, . . . a plaintiff may properly offer a statute or regulation [such as OSHA] as evidence of a defendant's negligence even when that statute or regulation cannot be used to establish negligence per se.

*Manchack v. Willamette Indus., Inc.*, 621 So. 2d 649, 652 (La. Ct. App.), *writ denied*, 629 So. 2d 1170 (La. 1993) (internal citations omitted) (citing *Smolinski v. Taulli*, 276 So.2d 286, 289 (La.1973); Greene v. Wright, 365 So.2d 551, 559 (La.App. 1st Cir.1978); and *Horton v. Valley Electric Membership Corporation*, 461 So.2d 375, 379 (La.App.2d Cir.1984)). As such, the Court finds that the OSHA standards are relevant in this case and denies Defendant's request to quash topics related to Lowe's compliance with OSHA standards.

That being resolved, at hearing, Plaintiffs orally modified the subpoena to more narrowly tailor the subpoena topics to the relevant topics in the Court's purview. Considering Subpoena Topics 1(a)-1(d), Plaintiffs narrowed the issue to those practice, policies, and protocols in effect

6

instructive on deliveries in a curbed in environment. Considering Subpoena Topics 1(e)-1(h) the subpoena topics were narrowed to the difference in training o contractors versus the training of employees. Subpoena Topic 1(i) Plaintiff will reword "heavy equipment" to "flower and plant carts." Subpoena Topic 1(k) Plaintiff will more narrowly define to employee internal reporting of work-related injuries. Subpoena Topics 1(j), 1(l), and 1(m) will be stricken. Subpoena Topics 2, 3, 4, 5, 7, 8, 13, 14, 15, 16, 17, 19, 21, 22, 25 will also be stricken. Subpoena Topics 10 and 11 shall be consolidated. Finally, Subpoena Topics 18 and 20 will be consolidated with Subpoena Topics 1(o) and 1(n).

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that the Defendant's **Motion to Quash Plaintiff's Notice of 30(b)(6) Deposition (R. Doc. 24)** is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs are to modify its Subpoena Notice of 30(b)(6) Deposition Topics as orally stipulated on the record.

New Orleans, Louisiana, this 18th day of October 2019.

**KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE**